J-S04040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAHEEM BROWN | : | |
| | : | |
| Appellant | : | No. 975 EDA 2021 |

Appeal from the PCRA Order Entered May 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010356-2013

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED FEBRUARY 10, 2022**

Raheem Brown appeals from the May 5, 2021 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> On June 11, 2013, [Appellant] was arrested and charged with second degree murder, conspiracy, burglary, robbery and [carrying a firearm without a license], in connection with the robbery and shooting death of Rush Thompson ["Thompson"]. From May 5 to May 15, 2015, [Appellant] and his co-defendant Emmanuel Duran were tried before this Court in the presence of a jury. [Appellant] was represented by Michael Huff, Esquire. On May 15, 2015, the jury found [Appellant] guilty of all charges. That same day, this Court sentenced him to the mandatory sentence

_____

[*] Former Justice specially assigned to the Superior Court.

of life imprisonment without the possibility of parole on the second-degree murder charge, 20 to 40 years state incarceration on conspiracy, 10 to 20 years state incarceration on robbery, 10 to 20 years state incarceration on burglary, and 3½ to 7 years state incarceration on [carrying a firearm without a license]. All of the terms were to run concurrently with one another. [Appellant] filed a post-sentence motion for reconsideration on May 22, 2015. This was denied by operation of law on September 30, 2015. On October 1, 2015, [Appellant] filed a Notice of Appeal to the Superior Court; the Superior Court affirmed his judgment of sentence on December 28, 2016. On June 27, 2017, the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal.[1]

On July 14, 2017, [Appellant] filed the instant first and timely *pro se* PCRA petition. On January 19, 2018, [Appellant] filed a *pro se* Amended Petition. On March 15, 2018, George Yacoubian, Esquire was appointed as PCRA counsel. On August 3, 2018, [Appellant] filed a motion to proceed *pro se*. On May 8, 2019, this Court conduced a *Grazier*[2] hearing and permitted [Appellant] to proceed *pro se*. On June 28, 2019, [Appellant] filed a *pro se* supplemental petition. On July 15, 2019, [Appellant] retained Teri Himebaugh, Esquire as private counsel. On November 11, 2019, Ms. Himebaugh filed an Amended Petition. On February 20, 2020, she filed a Supplemental Petition. On December 16, 2020, the Commonwealth filed its Motion to Dismiss. On April 5, 2021, this Court sent [Appellant] a Notice of Intent to Dismiss Pursuant to Rule 907. [Appellant] did not reply to the 907 Notice. On May 5, 2021, this Court dismissed [Appellant's] petition based upon lack of merit. On May 13, 2021, [Appellant] appealed this dismissal to Superior Court.

---

[1] *See Commonwealth v. Brown*, 159 A.3d 1016 (Pa.Super. 2016), *appeal denied*, 169 A.3d 595 (Pa. 2017).

[2] *Commonwealth v. Grazie*r, 713 A.2d 81 (Pa. 1998).

- 2 -

PCRA court opinion, 8/20/21 at 1-2 (footnotes added).

The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Thereafter, on August 20, 2021, the PCRA court filed a comprehensive Rule 1925(a) opinion addressing all of Appellant's claims.

Appellant raises the following issues for our review:

I. Did the PCRA Court err when it found that trial counsel did not violate Appellant's rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1 section 9 of the Pennsylvania Constitution by ineffectively failing to make the correct argument in support of severance?

II. Did the PCRA Court err when it found that trial counsel did not violate Appellant's rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1 section 9 of the Pennsylvania Constitution by ineffectively failing to request that the Court give the jury a contemporaneous instruction on the limited purpose for which they could consider Myron Baker's testimony about the November 9, 2009 robbery evidence in relation to Appellant's guilt or innocence?

III. Did the PCRA Court err when it found that trial counsel did not violate Appellant's rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1 section 9 of the Pennsylvania Constitution by ineffectively failing to request an immediate cautionary instruction be given in relation to the testimony of Myron Baker, who violated the Court's Sequestration Order?

IV. Did the PCRA Court err when it found that trial counsel did not violate Appellant's rights under

the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1 section 9 of the Pennsylvania Constitution by ineffectively failing to object to the prosecutor's opening statement which vouched for the reliability of the identification made by [] eyewitness Fahnbulleh[?]

V. Did the PCRA Court err in finding that Appellant's constitutional right to due process of law and a fair trial was not violated by the cumulative impact of trial counsel['s] ineffectiveness in violation of the Sixth Amendment?

Appellant's brief at 3-4.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

All of Appellant's claims concern the ineffectiveness of his trial counsel. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that

no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). We apply a three-pronged test for determining whether trial counsel was ineffective, derived from the test articulated by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 687 (1984), and as applied in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013).

> The **Pierce** test requires a PCRA petitioner to prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.

**Id.**, citing **Pierce**, 527 A.2d at 975.

This court has explained that a petitioner "must meet all three prongs of the test for ineffectiveness[.]" **Commonwealth v. Charleston**, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation and internal quotation marks omitted), **appeal denied**, 104 A.3d 523 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1244 (Pa.Super. 2011) (citation omitted), **appeal denied**, 30 A.3d 487 (Pa. 2011).

Following a thorough review of the record, including the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court, it is our determination that Appellant's ineffectiveness claims warrant no relief. The PCRA court comprehensively discussed each of Appellant's allegations of

- 5 -

ineffective assistance of trial counsel and concluded that they failed to satisfy one or more prongs of the **_Pierce_** test. We find that the PCRA court's conclusions are supported by competent evidence and are clearly free of legal error.

Specifically, we agree with the PCRA court that Appellant failed to demonstrate that there was a reasonable probability that the outcome of the trial would have been different had he been tried separately from his co-defendant. **_See_** PCRA court opinion, 8/20/21 at 4-5. Likewise, we agree with the PCRA court that trial counsel had a reasonable basis for not requesting a limiting instruction with respect to Myron Baker's testimony, as it could have served to highlight negative evidence. **_Id._** at 5-6.

We further agree with the PCRA court that trial counsel was not ineffective for failing to request an immediate cautionary instruction with respect to Baker's testimony, as the record demonstrated his violation of the trial court's sequestration order was unintentional and trial counsel was provided the opportunity to question him. **_Id._** at 6-7. Additionally, we agree with the PCRA court that the prosecutor did not improperly vouch for the credibility of eyewitness Wuyatta Fahnbulleh during his opening statement and Appellant's ineffectiveness claim in this regard is devoid of arguable merit. **_Id._** at 7-8.

Lastly, we agree with the PCRA court that Appellant is not entitled to relief on his claim that the cumulative prejudice suffered from trial counsel's

- 6 -

purported ineffectiveness rendered his trial unconstitutionally unfair. ***See id.*** at 9-10; Appellant's brief at 52-55.

In reaching this conclusion we note that our Supreme Court has long recognized that "no number of failed [ineffectiveness] claims may collectively warrant relief if they fail to do so individually." ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009) (citations omitted). "[W]here a claimant has failed to prove prejudice as the result of any individual errors, he cannot prevail on a cumulative effect claim **unless** he demonstrates how the particular cumulation requires a different analysis." ***Commonwealth v. Wright***, 961 A.2d 119, 158 (Pa. 2008) (emphasis added).

Here, we agree with the PCRA court that Appellant has failed to do so in this instance. Appellant's ineffectiveness claims at issue are, in large part, factually and legally independent, with no reasonable connection warranting a conclusion that their cumulative effect amounts to actual prejudice.

Accordingly, we adopt the PCRA court's comprehensive August 20, 2021 opinion as our own for purposes of this appellate review.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/10/2022*

- 7 -

# IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| **COMMONWEALTH** | : | **CP-51-CR-0010356-2013** |
| | : | **FILED** |
| | : | AUG 2 0 2021 |
| **vs.** | : | Office of Judicial Records Appeals/Post Trial |
| | : | |
| **RAHEEM BROWN** | : | **SUPERIOR COURT 975 EDA 2021** |

## OPINION

**BRINKLEY, J.**                                      **AUGUST 20, 2021**

Defendant Raheem Brown filed a first and timely petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* (eff. Jan. 16, 1996), claiming ineffective assistance of counsel and relief based upon cumulative error. After independently reviewing Defendant's *pro se* petition and subsequent *pro se* filings, counsel's amended and supplemental petitions, and the Commonwealth's motion to dismiss, this Court dismissed Defendant's petition based upon lack of merit. Defendant appealed this dismissal to Superior Court. This Court's dismissal should be affirmed.

### Background

On June 11, 2013, Defendant was arrested and charged with second degree murder, conspiracy, burglary, robbery and VUFA 6106, in connection with the robbery and shooting death of Rush Thompson ["Thompson"]. From May 5 to May 15, 2015, Defendant and his co-

defendant Emmanuel Duran were tried before this Court in the presence of a jury. Defendant was represented by Michael Huff, Esquire. On May 15, 2015, the jury found Defendant guilty of all charges. That same day, this Court sentenced him to the mandatory sentence of life imprisonment without the possibility of parole on the second degree murder charge, 20 to 40 years state incarceration on conspiracy, 10 to 20 years state incarceration on robbery, 10 to 20 years state incarceration on burglary, and 3 ½ to 7 years state incarceration on VUFA 6106. All of the terms were to run concurrently with one another. Defendant filed a post-sentence motion for reconsideration on May 22, 2015. This was denied by operation of law on September 30, 2015. On October 1, 2015, Defendant filed a Notice of Appeal to the Superior Court; the Superior Court affirmed his judgment of sentence on December 28, 2016. On June 27, 2017, the Pennsylvania Supreme Court denied Defendant's petition for allowance of appeal.

On July 14, 2017, Defendant filed the instant first and timely *pro se* PCRA petition. On January 19, 2018, Defendant filed a *pro se* Amended Petition. On March 15, 2018, George Yacoubian, Esquire was appointed as PCRA counsel. On August 3, 2018, Defendant filed a motion to proceed *pro se*. On May 8, 2019, this Court conduced a Grazier hearing and permitted Defendant to proceed *pro se*. On June 28, 2019, Defendant filed a *pro se* supplemental petition. On July 15, 2019, Defendant retained Teri Himebaugh, Esquire as private counsel. On November 11, 2019, Ms. Himebaugh filed an Amended Petition. On February 20, 2020, she filed a Supplemental Petition. On December 16, 2020, the Commonwealth filed its Motion to Dismiss. On April 5, 2021, this Court sent Defendant a Notice of Intent to Dismiss Pursuant to Rule 907. Defendant did not reply to the 907 Notice. On May 5, 2021, this Court dismissed Defendant's petition based upon lack of merit. On May 13, 2021, Defendant appealed this dismissal to Superior Court.

2

## Discussion

When reviewing the denial of PCRA relief, the appellate court's review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Commonwealth v. Edmiston, 619 Pa. 549, 65 A.3d 339, 345 (2013) (citing Commonwealth v. Breakiron, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001)). The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in light most favorable to the prevailing party. Commonwealth v. Fahy, 598 Pa. 584, 959 A.2d 312, 316 (2008) (citing Commonwealth v. Duffey, 585 Pa. 493, 889 A.2d 56, 61 (2005)). The burden is on the petitioner in the PCRA petition to demonstrate by a preponderance of the evidence that he or she is eligible for PCRA relief. 42 Pa.C.S.A § 9543.

This Court properly dismissed Defendant's petition because all of his claims of ineffective assistance of counsel are without merit. To prevail on a claim alleging counsel's ineffectiveness under the PCRA, the appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different. Commonwealth v. Timchak, 2013 PA Super 157, 69 A.3d 765, 769 (2013) (citing Commonwealth v. Wah, 42 A.3d 335, 338 (Pa.Super.2012)). A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Id. (citing 42 Pa.C.S. § 9543(a)(2)(ii)). Counsel's assistance is deemed constitutionally effective once the court determines that the defendant has not

3

established any one of the prongs of the ineffectiveness test. Id. (citing Commonwealth v. Rolan, 964 A.2d 398, 406 (Pa.Super.2008)). To establish prejudice, the defendant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Commonwealth v. Davido, 106 A.3d 611, 621 (Pa. 2014) (citing Commonwealth v. Williams, 587 Pa. 304, 899 A.2d 1060, 1064 (2006)). When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, "he is not entitled to relief, and we are constrained to find such claims waived for lack of development." Commonwealth v. Fears, 624 Pa. 446, 461, 86 A.3d 795, 805 (2014) (quoting Commonwealth v. Steele, 599 Pa. 341, 361, 961 A.2d 786, 797 (2008) ("[U]ndeveloped claims, based on boilerplate allegations, cannot satisfy Appellant's burden of establishing ineffectiveness.").

**I.    Trial counsel was not ineffective for the argument he made in favor of severance, which this Court ultimately denied.**

First, trial counsel was not ineffective for failing to make the "correct" argument in support of severance. Defendant argues that trial counsel inadvertently argued for joinder instead of severance, and that counsel should have argued that severance was necessary because some evidence was admissible against only co-defendant Duran but allegedly was prejudicial to Defendant. This claim is without merit.

Pursuant to Pa.R.Crim.P. 582(A)(2), "[d]efendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Whether to sever or join a defendant's trial from his/her codefendant's is a matter entrusted to the discretion of the trial court and that decision will not be disturbed absent a manifest abuse of discretion or prejudice and clear injustice to the defendant. Commonwealth v. Spotz, 756 A.2d 1139, 562 Pa. 498 (2000). The Pennsylvania Supreme Court has set forth the Lark, *infra*, test to

4

determine whether severance is proper: (1) whether the evidence of each the offenses would be admissible in a separate trial for the other; (2) whether the evidence is capable of separation by the jury so as to avoid danger of confusion; and (3) whether the defendant will be unduly prejudiced by consolidation. Commonwealth v. Collins, 703 A.2d 418, 422 (Pa. 1997)(citing Commonwealth v. Lark, 518 Pa. 290, 302, 543 A.2d 491, 496-97 (1988)).

In the case at bar, this Court properly determined that a joint trial was appropriate in this case and this Court would not have reached a different conclusion had trial counsel made the argument Defendant now claims is the correct one. Defendant and co-defendant Duran were both charged with murder, conspiracy and related charges based upon nearly the exact same evidence and witnesses. Defendant claims that he was prejudiced by evidence of Duran's involvement in the robbery of Myron Baker the morning after the murder. However, the evidence showed that **both** Defendant and Duran robbed Baker using a weapon similar to the one used to rob Thompson. This evidence was admissible to prove Defendant's identity as a participant in Thompson's robbery and murder. Whether the weapon was in the fact the same one used in both crimes went to the weight that the jury placed upon the evidence, not admissibility. Moreover, Defendant has failed to establish that he was prejudiced by being tried with Duran. He failed to demonstrate that there was a reasonable probability that the outcome of the trial would have been different had he been tried separately from Duran. Accordingly, no relief is due.

II. **Trial counsel was not ineffective for failing to request an instruction limiting the jury's consideration of Myron Baker's testimony.**

Defendant argues that trial counsel was ineffective for failing to request that this Court give a contemporaneous instruction on the limited purpose for which they could consider Myron Baker's testimony regarding the November 9, 2009 robbery in relation to Defendant's guilt or innocence. This claim is without merit. Defendant is unable to show that counsel had no

5

reasonable basis for failing to request this instruction. The record shows that at several points during trial, trial counsel considered "other crimes" evidence concerns and whether limiting instructions were necessary and/or advisable. (N.T. 5/7/15, p. 36-75, 93-100). Trial counsel noted that he was concerned that additional limiting instructions could potentially serve to "highlight" negative evidence. Id. at 55. Thus, it is clear from the record that trial counsel carefully considered whether limiting instructions were advisable or would do more harm than good. Since it appears trial counsel had a reasonable basis for not requesting a limiting instruction with respect to Myron Baker's testimony, this claim is without merit. In addition, Defendant has failed to establish how he was prejudiced by the lack of a limiting instruction. No relief is due.

**III.    Trial counsel was not ineffective for failing to request an immediate cautionary instruction regarding the testimony of Myron Baker, who violated this Court's sequestration order.**

Trial counsel was not ineffective for failing to request an immediate cautionary instruction regarding Myron Baker's testimony. Defendant argues that "[g]iven the nature and importance of Baker's testimony and the Commonwealth's reliance on it being the key link in the evidentiary chain ultimately leading to [Defendant], counsel should have asked the Court give both an immediate and a final instruction to the jury." Am. Pet. p. 34-35. He further argues that this "instruction should have advised the jury that during this trial, the Court had ordered that witnesses are sequestered so that they cannot learn of other witnesses' testimony. Baker violated that order. They may use the fact that Baker violated the sequestration order to evaluate the credibility and weight to give his in-court testimony." Id. at 35. This claim is without merit.

Where a violation of a sequestration order occurs, the remedy selected "is within the sound discretion of the trial court. In exercising its discretion, the trial court should consider the seriousness of the violation, its impact on the testimony of the witness, and its probable impact

6

on the outcome of the trial. We will disturb the trial court's exercise of its discretion only if there is no reasonable ground for the action taken." Commonwealth v. Rose, 172 A.3d 1121, 1127 (Pa.Super.2017)(quoting Commonwealth v. Smith, 464 Pa. 314, 346 A.2d 757, 760 (1975)).

The record shows that while Edward Brooks was testifying, Myron Baker arrived at the courtroom but instead of waiting outside in the hall, he entered the courtroom and sat in the gallery. Once this Court was made aware of his presence, this Court questioned Baker and determined that this sequestration violation was unintentional. (N.T. 5/6/15, p. 151-56, 215-24). Counsel then had the opportunity to question Baker as to whether Brooks' testimony would impact his own testimony and counsel determined that he had not been influenced by what he heard Brooks say. Id. at 215-24. Thus, this Court chose an appropriate remedy—allowing counsel to question Baker to his satisfaction—and had a reasonable basis for doing so. Defendant makes no argument that this remedy was unreasonable, beyond claiming that counsel "ineffectively chose not to request" that an instruction be given to the jury and that counsel's "decision not to actively advocate on his client's behalf was not in his client's best interest." Since Defendant is unable to show that counsel's decision to accept this Court's reasonable remedy was prejudicial in any way, no relief is due.

> **IV.** **Trial counsel was not ineffective for failing to object to the prosecutor's opening statement where he allegedly "vouched" for the reliability of the identification made by witness Fahnbulleh.**

Defendant argues that trial counsel was ineffective for failing to object to the prosecutor's opening statement, where he told the jury:

> Remember, when we have detectives investigate something, we have, now in 2015, and back then in 2009, a lot of pictures. We have—if you ever been arrested, got a driver's license. There are pictures in the database. But we have to know a little bit more to be able to put those pictures in front of witnesses. We can't just put the seven billion people on this planet, and say pick out who they are.

7

(N.T. 5/15/15, p. 34). Defendant argues that the inference "was that the police had some sort of unidentified but reliable evidence that made them put [Edward] Brook's photo in the array that was shown to Fahnbulleh." Am. Pet. p. 38. This claim is without merit.

Although it is not proper for a prosecutor to offer a personal opinion as to the credibility of the defendant or other witness, prosecutors are permitted to comment upon the credibility of the defendant or a witness. Commonwealth v. Sanchez, 82 A.3d 943, 981 (Pa. 2013) (citing Commonwealth v. Chmiel, 585 Pa. 547, 889 A.2d 501, 545 (2005)). Even an otherwise improper comment may be appropriate if it is in fair response to defense counsel's remarks. Commonwealth v. Burno, 96 A.3d 956, 974 (Pa. Super. 2014) (quoting Commonwealth v. Elliott, 80 .2d 415, 443 (Pa. 2013). Furthermore, a prosecutor's comments do not constitute reversible error unless their unavoidable effect was to prejudice the jury, forming in their minds fixed bias and hostility towards the defendant so that they could not weigh the evidence objectively and render a true verdict. Id.

In the case at bar, the prosecutor did not improperly vouch for Fahnbulleh's credibility with this statement. Rather, he simply explained identification procedures used by law enforcement. In addition, he was anticipating and responding to defense counsel's argument that the police should have shown Fahnbulleh a photo of Troy Rawlinson, aka "Scooty," whom Defendant argues was the actual killer. Police had no reason to show Fahnbulleh a photo of Scooty, but did have reason to show her a photo of Brooks, the third individual who participated in Thompson's murder and subsequently pled guilty to this crime. As with each of Defendant's claims above, he also has failed to demostrate how he was prejudiced in any way. Accordingly, no relief is due.

8

### V. Cumulative Error Claim--No Relief is Due

Defendant argues that he is owed relief based upon the "cumulative errors" in his case that the believes amounted to ineffective assistance of counsel. He claims that he is "still entitled to relief on the basis that the cumulative prejudice resulting from the errors undermined the fundamental fairness of his trial and denied him his constitutional right to due process." Amended Petition, p. 39. He argues that "each of counsels [sic] errors individually undermined his misidentification defense. When considered together [Defendant] was essentially left defenseless." Id. at 40. This claim is meritless.

"[W]here a claimant has failed to prove prejudice as a result of any individual errors, he cannot prevail on a cumulative effect claim unless he demonstrates how the particular cumulation requires a different analysis." Commonwealth v. Hutchinson, 611 Pa. 280, 318-19, 25 A.3d 277 (2011)(quoting Commonwealth v. Wright, 599 Pa. 270, 961 A.2d 119, 158 (2008)). The claimant must set forth "a specific, reasoned, and legally and factually supported argument for the claim" of cumulative prejudice. Hutchinson, 25 A.3d at 352 (citing Commonwealth v. Johnson, 600 Pa. 329, 966 A.2d 523, 532 (2009)). Bald claims of cumulative prejudice are insufficient. Hutchinson, 25 A.3d at 352.

In the case at bar, Defendant has failed to demonstrate how the particular cumulation of alleged ineffective assistance of counsel prejudiced him in such a way that requires a different analysis. This Court reviewed each of his claims of ineffective assistance of counsel and determined that in each instance, the claim was meritless **and** Defendant failed to demonstrate prejudice. The record shows this Court properly allowed joinder of Defendant and co-defendant's cases and would not have reached a different conclusion if counsel had made the argument Defendant suggests. Counsel had a reasonable basis for not requesting a limiting instruction regarding Myron Baker's testimony since it could have served to highlight negative

9

evidence. This Court invoked the appropriate remedy when Myron Brooks unintentionally violated the sequestration order. Last, the prosecutor did not improperly vouch for a witness's credibility. Even when reviewed in the aggregate, these claims still do not amount to a denial of Defendant's due process by "undermining his misidentification defense" or "leaving him essentially defenseless." Each claim is meritless and Defendant has failed to demonstrate prejudice. As such, his claim of cumulative prejudice must fail and no relief is due.

## CONCLUSION

After reviewing the applicable case law, statutes, and testimony, this Court committed no error. This Court properly dismissed Defendant's petition based upon lack of merit. Accordingly, no relief is due and this Court's dismissal should be affirmed.

BY THE COURT:

_____ J.

11